```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

ROBERT J. MALLOY,

                    Plaintiff,

vs.                                    Case No. 2:07-cv-6-FtM-29SPC

MICHAEL  WISEMAN;  NANCY  WISEMAN;
IRVING WISEMAN; DAVID REILLY; JUDY
HUBER;  MARK  CANGELOSI;  MARK  B.
SAINE; JOHN DOE; JANE DOE,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant Michael M. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #12), defendant Nancy A. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #14), and defendant Irving A. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #16), filed on March 2, 2007. Each of the defendants also filed a Memorandum of Law in Support (Docs. #13, #15, #17). Plaintiff filed a Consolidated Response (Doc. #19) on March 15, 2007. Defendant Mark Cangelosi was voluntarily dismissed without prejudice. (See Doc. #25.) Also before the Court are plaintiff's Motion to Strike Defendant's Filing of Motions (Doc. #26) and Motion for Summary Judgment by Default (Doc. #27) against defendants Michael Wiseman, Nancy Wiseman, and Irving Wiseman.

**I.**

Initially, defendants argue that the Complaint should be dismissed for lack of jurisdiction, arguing that diversity does not exist. All three defendants are Florida citizens. Jurisdiction may be established by the presence of a federal question, 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States, 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002), cert. denied, 537 U.S. 950 (2002). It is clear that the parties are not completely diverse in this case, however, plaintiff also filed the case based on a federal question, i.e., the Racketeer Influenced and Corrupt Organizations (RICO). Therefore, the motion will be denied as to this argument and the allegation that diversity exists is stricken.

**II.**

In the Memoranda, defendants also argue that the Complaint is insufficiently pleaded for purposes of Fed. R. Civ. P. 9, and that RICO requires specificity. Plaintiff objects, stating that the Complaint is adequately pleaded. The pleadings of a *pro se* litigant, that is unrepresented individual, are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Erickson v. Pardus, 127 S. Ct. ___,

2007 WL 1582936, *4, 2007 U.S. LEXIS 6814 (June 4, 2007); Trawinski v. United Techs., Carrier Corp., 313 F.3d 1295, 1297 (11th Cir. 2002).

**A.**

Taking all allegations as true at this stage of the proceedings, the Complaint (Doc. #1) alleges that plaintiff repairs, restores, manufactures, and sells musical instruments. Plaintiff alleges that defendants conspired to inflict economic hardship on plaintiff through extortion, mail fraud, and bank fraud with the intent to seize funds, intellectual property, and the business of plaintiff.

More specifically, plaintiff alleges that on or about January 25, 2005, defendants promised him venture capital and convinced him to produce a line of amplified acoustic instruments as part of a partnership. Based on the promises, plaintiff entered into several agreements. When the promised funding was not produced, plaintiff terminated the relationship and continued production on his own. After termination, plaintiff alleges that defendants filed false police reports with the Sheriff of Charlotte County. On or about September 27, 2006, defendants sent a written demand for the turnover of all business assets with the threat that plaintiff's criminal record would be exposed. On or about November 5, 2006, defendants broke into plaintiff's home and committed battery on plaintiff, causing him to turn-over the assets. Subsequently, defendants circulated information about plaintiff throughout the

area. Defendants have filed suit against plaintiff in Charlotte County Circuit Court with regard to the business.

Plaintiff alleges that the "predicate acts" establish a pattern of racketeering and extortion through the investment company of Michael and Irving Wiseman acting in concert.[1] Plaintiff alleges that the threatening letter constitutes extortion and the withdrawal of funds from various banks to pay defendants constitutes the bank fraud. Count Two seeks damages for the tortious interference with a business relationship.

**B.**

The Racketeer Influenced and Corrupt Organizations (RICO) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. § 1962(c). The pleading requirements of a civil RICO action have been discussed at some length in Williams v. Mohawk Indus., 465 F.3d 1277, 1282-1291 (11th Cir. 2006), cert. denied, 127 S. Ct. 1381 2007). In addition to an impact on interstate or foreign commerce, a civil RICO claim is required to set forth the four requirements

---

[1]Plaintiff filed a separate Notice of Transcription Error and Correction (Doc. #5) correcting a typographical error in the Complaint relating to this allegation.

of 18 U.S.C. § 1962(c)[2], and the two requirements of 18 U.S.C. § 1964(c).[3]  Id.  The Complaint must allege the "conduct of an enterprise" and that the enterprise had a common goal, and that defendants participated in the operation or management of the enterprise itself. Williams, 465 F.3d at 1283-84.  The "pattern of racketeering activity" element requires that a civil RICO plaintiff establish "at least two acts of racketeering activity."  18 U.S.C. § 1961(5).  Congress has defined "racketeering activity" to mean the violation of any of the criminal statutes listed in 18 U.S.C. § 1961(1), which includes extortion, bank fraud, and mail fraud.  Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating the charged predicate statutes.  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 486-88 (1985); 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes).  Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.  See Central Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993), cert. denied, 512

---

[2] (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

[3] (1) the requisite injury in plaintiff's business or property, and (2) that such injury was "by reason of" the substantive RICO violation.

U.S. 1207, (1994). A "pattern" of racketeering activity is shown when defendant commits at least two distinct but related predicate acts. <u>Williams</u>, 465 F.3d at 1283.

### C.

Generally, plaintiff fails to specify who was responsible for what action. Although Michael and Irving Wiseman are specifically identified as participating in an enterprise and pattern of activity, plaintiff does not mention which one conducted what act or specify how any of the other named defendants are responsible. Therefore, the Complaint is deficient and due to be dismissed with leave to amend.

Extortion, under the Hobbs Act, "means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The act itself is committed by "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . in furtherance of a plan or purpose to do anything in violation of this section" commits a federal offense. 18 U.S.C. § 1951(a). It would appear that plaintiff has adequately alleged that someone committed extortion, however, plaintiff does not state which defendant committed the predicate act.

The pertinent portion of the bank fraud statute provides that "[w]hoever knowingly executes . . . a scheme or artifice . . . (1)

-6-

to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets . . . or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . ." commits a federal offense. 18 U.S.C. § 1344. For a claim of mail fraud, the statute provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, . . . for the purpose of for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter . . ." commits a federal offense. 18 U.S.C. § 1341. Therefore defendant must perpetrate a scheme to defraud and use the mail for the purpose of executing said fraudulent scheme. United States v. O'Malley, 707 F.2d 1240, 1246 (11th Cir. 1983). The mail fraud statute does not include threats and coercion through fear or force, theft by violence, or threats that the victim believes will be carried out if plaintiff does not give into demands because there is no "scheme to defraud." United States v. Pendergraft, 297 F.3d 1198, 1209 (11th Cir. 2002)(collecting cases).

Rule 9(b) requires fraud allegations to be plead "with particularity." "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the

-7-

claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006). "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." United States v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006). See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when, where, and how:  the first paragraph of any newspaper story." Garfield, 466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 127 S. Ct. 42 (2006).

In this case plaintiff does not identify a specific bank, or exact dates, withdrawals, or amounts, and more importantly plaintiff fails to allege that the financial institution was defrauded. Additionally, plaintiff's allegations of threats and extortion do not constitute a scheme to defraud, so mail fraud is not properly alleged. Therefore, the Complaint is insufficient with regard to the bank and mail fraud allegations and plaintiff cannot allege a RICO violation without two requisite predicate acts. Since plaintiff may be able to allege a RICO violation, the Court will provide plaintiff the opportunity to amend the Complaint.

**IV.**

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8, 9, and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. As no diversity jurisdiction exists in this case, plaintiff should refrain from reasserting jurisdiction on that basis. Additionally, the petition for removal language should be eliminated because plaintiff has not followed the proper procedures to remove the state case. See 28 U.S.C. § 1446.

The document should be entitled "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim. For example, the Court notes no specific allegations directed at the named defendants, only general allegations. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

**V.**

A review of the record reflects that defendants Michael Wiseman, Nancy Wiseman, and Irving Wiseman each filed a Certificate of Interested Persons and Corporate Disclosure Statement (Docs. #20-#22) on March 19, 2007, in compliance with the Interested Persons Order (Doc. #18). Therefore, plaintiff's motion to strike all pleadings by these defendants on this basis will be denied.

Plaintiff seeks judgment in his favor for defendants' failure to file an Answer to the Complaint and for the failure to file Certificate of Interested Persons and Corporate Disclosure Statements. As stated above, the Statements were timely filed therefore the motion is denied on this basis. Additionally, defendants appeared by filing motions to dismiss, and "[a] motion to dismiss challenging the legal sufficiency of the complaint to state a claim for which relief may be granted preempts the necessity of a defendant's filing an answer until the motion is decided by the district court." Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992)(citing FED. R. CIV. P. 12(b)). Therefore, plaintiff's motion will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Michael M. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #12) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

2.   Defendant Nancy A. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #14) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

3.   Defendant Irving A. Wiseman's Motion to Dismiss by Reason of Lack of Jurisdiction (Doc. #16) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

4.   The Complaint and Petition for Removal is **dismissed** without prejudice and with leave to amend.  Plaintiff may file an "Amended Complaint" within **TWENTY (20) DAYS** in compliance with this Opinion and Order.

5.   Plaintiff's Motion to Strike Defendant's Filing of Motions (Doc. #26) is **DENIED.**

6.   Plaintiff's Motion for Summary Judgment by Default (Doc. #27) is **DENIED.**

7.   The parties shall otherwise meet and confer for the filing of a Joint Case Management Report within **TWENTY (20) DAYS** of the filing of an Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of June, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Unrepresented parties