```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT J. MALLOY,

              Plaintiff,

vs.                                      Case No. 2:07-cv-6-FtM-29SPC

MICHAEL WISEMAN; NANCY WISEMAN; IRVING WISEMAN; DAVID REILLY; JUDY HUBER; MARK CANGELOSI; MARK B. SAINE; JOHN DOE; JANE DOE,

              Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant David Reilly's Motions to Dismiss (Docs. #35) and defendant Judy Huber's Motion to Dismiss (Doc. #37) filed on July 20, 2007. Plaintiff filed a consolidated Response (Doc. #44) on September 12, 2007. The Court notes that all parties are proceeding *pro se*.

**I.**

Taking all allegations as true at this stage of the proceedings, the Amended Complaint (Doc. #33) alleges that plaintiff repairs, restores, manufactures, and sells musical instruments. Plaintiff alleges that defendants conspired to inflict economic hardship on plaintiff through extortion, mail fraud, and bank fraud with the intent to seize funds, intellectual property, and the business of plaintiff. More specifically, plaintiff alleges that on or about January 25, 2005, defendants Michael and Nancy Wiseman promised him venture capital and

convinced him to produce a line of amplified acoustic instruments as part of a partnership. Based on the promises, plaintiff entered into several agreements. When the promised funding was not produced, plaintiff terminated the relationship and continued production on his own. Eventually in September 2006 plaintiff produced the amplification device on his own, filed for patent protection in the United States and overseas, and began commercial production. Upon termination of the partnership, plaintiff alleges that defendants filed false police reports with the Sheriff of Charlotte County. On or about September 27, 2006, defendants Michael and Nancy Wiseman sent a written demand for the turnover of all business assets with the threat that plaintiff's criminal record would be exposed. On or about November 5, 2006, at the direction of the Wisemans, defendants David Reilly and Judy Huber broke into plaintiff's home and battered plaintiff. Subsequently, defendants circulated information about plaintiff, some of which was false, to plaintiff's clients and business associates. Defendants also filed suit against plaintiff in Charlotte County Circuit Court with regard to the business.

Plaintiff alleges that the "predicate acts" establish a pattern of racketeering and extortion through the "enterprise" of: 1) the investment company of Michael and Nancy Wiseman and 2) the organized relation and unlawful partnership of all the defendants. Plaintiff alleges that the threatening letter constitutes extortion, the withdrawal of funds from various banks to pay

defendants constitutes the bank fraud, and that the circulation of false information constitutes mail fraud. Count Two seeks damages for the tortious interference with a business relationship. Count Three asserts that defendants Michael and Nancy Wiseman have disseminated plaintiff's proprietary designs in violation of the patent laws.

## II.

The Racketeer Influenced and Corrupt Organizations (RICO) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. § 1962(c). The pleading requirements of a civil RICO action have been discussed at some length in <u>Williams v. Mohawk Indus.</u>, 465 F.3d 1277, 1282-1291 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1381 2007). In addition to an impact on interstate or foreign commerce, a civil RICO claim is required to set forth the four requirements of 18 U.S.C. § 1962(c)[1], and the two requirements of 18 U.S.C. § 1964(c).[2] <u>Id.</u> The Amended Complaint must allege the "conduct of an enterprise" and that the enterprise had a common goal, and that

---

[1] (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

[2] (1) the requisite injury in plaintiff's business or property, and (2) that such injury was "by reason of" the substantive RICO violation.

defendants participated in the operation or management of the enterprise itself. Williams, 465 F.3d at 1283-84. The "pattern of racketeering activity" element requires that a civil RICO plaintiff establish "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Congress has defined "racketeering activity" to mean the violation of any of the criminal statutes listed in 18 U.S.C. § 1961(1), which includes extortion, bank fraud, and mail fraud. Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating the charged predicate statutes. Sedima, S. P. R. L. v. Imrex Co., 473 U.S. 479, 486-88 (1985); 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes). Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. See Central Distribs. of Beer v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993), cert. denied, 512 U.S. 1207, (1994). A "pattern" of racketeering activity is shown when defendant commits at least two distinct but related predicate acts. Williams, 465 F.3d at 1283.

**III.**

Extortion, under the Hobbs Act, "means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of

official right." 18 U.S.C. § 1951(b)(2). The act itself is committed by "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . in furtherance of a plan or purpose to do anything in violation of this section" commits a federal offense. 18 U.S.C. § 1951(a). The Court finds that plaintiff has adequately alleged that each defendant committed extortion or conspired to commit extortion.[3]

The pertinent portion of the bank fraud statute provides that "[w]hoever knowingly executes . . . a scheme or artifice . . . (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets . . . or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . . ." commits a federal offense. 18 U.S.C. § 1344. For a claim of mail fraud, the statute provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, . . . for the purpose of for the purpose of executing

---

[3] The Court notes that while the extortion letter was only from Michael and Nancy Wiseman, the Amended Complaint alleges that the remaining defendants conspired with the Wisemans to perpetrate the extortion scheme. See, e.g., United States v. Baker, 432 F.3d 1189, 1235 (11th Cir. 2005)(holding that "Co-conspirators are liable for the reasonably foreseeable acts of another co-conspirator taken in the course of and in furtherance of the unlawful agreement, regardless of whether they had actual knowledge of those acts.")

such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter . . ." commits a federal offense.  18 U.S.C. § 1341.  Therefore defendant must perpetrate a scheme to defraud and use the mail for the purpose of executing said fraudulent scheme.  United States v. O'Malley, 707 F.2d 1240, 1246 (11th Cir. 1983).  The mail fraud statute does not include threats and coercion through fear or force, theft by violence, or threats that the victim believes will be carried out if plaintiff does not give into demands because there is no "scheme to defraud."  United States v. Pendergraft, 297 F.3d 1198, 1209 (11th Cir. 2002)(collecting cases).

Rule 9(b) requires fraud allegations to be plead "with particularity."  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  United States v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006).  See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006).  "This means

the who, what, when, where, and how: the first paragraph of any newspaper story." Garfield, 466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 127 S. Ct. 42 (2006).

The Amended Complaint suffers from the same deficiencies as the original Complaint (Doc. #1). Specifically, plaintiff does not identify a specific bank, or exact dates, withdrawals, or amounts, and more importantly plaintiff fails to allege that the financial institution was defrauded. Therefore the Court finds that plaintiff has failed to adequately plead bank fraud.

As for mail fraud, plaintiff's allegations of threats and extortion do not constitute a scheme to defraud. In addition, plaintiff's assertion that defendants circulated false information to his clients and business associates does not meet the heightened pleading requirements of Rule 9. Plaintiff does not allege the nature of the false material circulated, nor does he assert that it was material. See Washington v. Recuenco, 126 S. Ct. 2546, 2551 (2006)(finding that "materiality is an element of the mail fraud, wire fraud, and bank fraud statutes.") Thus the Court finds that mail fraud is not properly alleged. Therefore, the Complaint is insufficient with regard to the bank and mail fraud allegations, and plaintiff cannot allege a RICO violation without two requisite predicate acts. Since plaintiff may be able to allege a RICO

violation, the Court will provide plaintiff the opportunity to file a Second Amended Complaint.

**IV.**

Count Three of the Amended Complaint asserts a claim for patent infringement. (Doc. #33, p. 15.) To state a claim for patent infringement the plaintiff must allege that the defendant (1) without authority, (2) makes, uses, offers to sell or sells any patented invention within the United States, (3) during the term of the patent. See 35 U.S.C. § 271(a). "A patentee need only plead facts sufficient to place the alleged infringer on notice." Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000)(finding plaintiff has adequately pled a patent infringement claim where the complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked.)

The Court finds that plaintiff has not adequately pled a cause of action under the patent laws. Plaintiff did not identify the specific patent at issue. The Amended Complaint only identifies the patent as the "patent filing of September 2006." The Amended Complaint does not reference a patent number or an application number that defendants can utilize in identifying the specific patent at issue. Therefore the court finds that Count III is due to be dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendant David Reilly's Motion to Dismiss (Doc. #35) is **GRANTED**.

2. Defendant Judy Huber's Motion to Dismiss (Doc. #37) is **GRANTED**.

3. The Amended Complaint (Doc. #33) is **dismissed** without prejudice as to all defendants with leave to amend.  Plaintiff may file a "Second Amended Complaint" within **TWENTY (20) DAYS** in compliance with this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of January, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Unrepresented parties